UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | |
| G. YVONNE STEPHENS<br>LARRY K. ALEXANDER, | BKY Nos. 98-34858 and 98-33694<br>Adv. No. 04-3468 (DDO) |
| Debtors. | |
| LARRY KENNETH ALEXANDER,<br>G. YVONNE STEPHENS, and ANDREW<br>WILL ALEXANDER, | Civil No. 12-1144 (JRT)<br>Civil No. 12-1145 (JRT) |
| Appellants, | |
| v. | **ORDER** |
| MARY JO A. JENSEN, Trustee of the<br>Bankruptcy Estate of Larry Alexander; and<br>JOHN A. HEDBACK, Trustee of the<br>Bankruptcy Estate of G. Yvonne Stephens, | |
| Appellees. | |

Daniel L. M. Kennedy, **KENNEDY LAW GROUP PLLC**, 4103 East Lake Street, Minneapolis, MN 55406, for G. Yvonne Stephens, Larry K. Alexander and Andrew W. Alexander.

Michael J. Iannacone, III and Mary F. Ahrens, **IANNACONE LAW OFFICE**, 8687 Eagle Point Boulevard, Lake Elmo, MN 55042; Karl A. Oliver, **THE OLIVER GROUP, PLC**, 1935 West County Road B2, Suite 415, St. Paul, MN 55113, for Mary Jo A. Jensen-Carter.

John A. Hedback, **HEDBACK ARENDT KOHL & CARLSON**, 2855 Anthony Lane South, Suite 201, Saint Anthony, MN 55418, pro se.

This matter is before the Court upon the emergency motion for stay of the May 10, 2012 order of the Bankruptcy Court in bankruptcy cases 98-34858 and 98-33694.

Because the Court finds that movants do not demonstrate that they are likely to succeed on the merits or to suffer irreparable harm, the motion will be denied.[1]

## BACKGROUND

This litigation over the ownership of real property located at 875 Laurel Avenue in St. Paul, Minnesota ("875 Laurel") has now entered its fifteenth year, and the Court need not repeat its history. *See, e.g.*, *In re G. Yvonne Stephens*, No. 11-2661, 2011 WL 4340858, at *1 n.2 (D. Minn. Sept. 15, 2011) (Doty, J.).  In short, the courts have repeatedly determined that the bankruptcy estates own 875 Laurel.  On August 31, 2011, the Bankruptcy Court granted possession of 875 Laurel to plaintiff Mary Jo A. Jensen-Carter and defendant John A. Hedbeck (the trustees); defendants Larry Kenneth Alexander ("Alexander") and G. Yvonne Stephens and their son, Andrew Will Alexander ("Andrew"), were evicted in September 2011.  Stephens and Andrew have appealed that order, and the Court addresses those appeals in a concurrent order.  *See Andrew v. Jensen-Carter*, Nos. 11-2661, 11-3459 (D. Minn. May 24, 2012).  On May 10, 2010, the Bankruptcy Court granted the trustees the authority to sell 875 Laurel.  The temporary stay will expire on May 24, 2012.  Stephens, Alexander, and Andrew (collectively "movants") appeal, arguing that the Bankruptcy Court lacked jurisdiction, that it lacked the authority to authorize the sale, that the order was barred by the doctrine of collateral estoppel,[2] and that the order was an amendment of the August 31, 2011 order currently

---

[1] The Court determines that oral argument is not needed on this motion. *See* Fed. R. Civ. P. 78(b).

[2] Movants made this and each previous argument in their already pending appeal of the August 31, 2011 order.

- 2 -

on appeal. Stephens and Andrew also argue that, as either a spouse or co-owner, they must be given the opportunity to buy 875 Laurel for the price offered by a third party.

## ANALYSIS

"A party seeking a stay pending appeal must demonstrate that it is likely to succeed on the merits, that it will suffer irreparable injury unless the stay is granted, that no substantive harm will come to other interested parties, and that the stay will do no harm to the public interest." *In re Ross*, 223 B.R. 702, 703 (B.A.P. 8th Cir. 1998). Movants make a series of arguments that to the effect that the Bankruptcy Court lacks jurisdiction or authority or that it is bound by collateral estoppel. The Court addresses and rejects these arguments in its concurrent order. *See Andrew v. Jensen-Carter*, Nos. 11-2661, 11-3459 (D. Minn. May 24, 2012). Consequently, the Court finds that the movants are unlikely to succeed on the merits based on any of those arguments in this appeal.

Movants also argue that the May 10, 2012 order was "necessarily" an improper amendment of the August 31, 2011 order that is on appeal. In general, once a notice of appeal is filed, the appellate court gains jurisdiction and the original court is divested of jurisdiction. *Liddell ex rel. Liddel v. Bd. of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). An exception from the general rule of jurisdictional divestiture is, however, appropriate where "the court supervises a continuing course of conduct and where as new facts develop additional supervisory action by the court is required." *Id.* (quoting *Bd. of Educ. v. Missouri*, 936 F.2d 993, 996 (8th Cir. 1991)). Even if the May 10 Bankruptcy Court

order amended the prior appealed order, the need for continuing Bankruptcy Court supervision is evident in light of the length of the litigation over the property as well as the debtors' history of filing multiple cases simultaneously in different courts.[3]  The trustees could not be expected to allow 875 Laurel to sit empty and unsold while the movants followed their usual course of years-long appeals.  The Court concludes that, given the circumstances in this case, movants have not demonstrated they are likely to succeed on their argument that the Bankruptcy Court improperly amended a previous order.

Stephens and Andrew also argue that the order allowing the sale is a violation of their right to redeem the property under 11 U.S.C. § 363(h-i).  As detailed in the accompanying order, Stephens has **no** ownership interest in the house.  *Andrew v. Jensen-Carter*, Nos. 11-2661, 11-3459 (D. Minn. May 24, 2012); *see also In re Stephens*, 425 B.R. 529, 533 (B.A.P. 8th Cir. 2010) ("[T]he Bankruptcy Court, the District Court, and the United States Court of Appeals for the Eighth Circuit have very clearly, and finally, determined that **Ms. Stephens has no interest in the Laurel property**.") (emphasis in original).  Even if Andrew has an interest as a co-owner, *see In re Stephens, In re Alexander*, No. 04-3468, No. 98-34858, No. 98-33694 (Bankr. D. Minn. Jan. 4, 2006) (noting Andrew's potential joint tenancy possessory interest), sale is still appropriate because each of the factors of § 363(h) are met.  11 U.S.C. § 363(h) (including "partition in kind of [875 Laurel] . . . is impracticable").  Consequently, movants have not demonstrated a likelihood of success on their § 363 claims.

---

[3] Indeed, these parties currently have five separate open cases in this Court alone.  Docket Nos. 11-2661, 11-3459, 11-3590, 12-1144, 12-1145.

In sum, movants show no likelihood of success on the merits. Movants also cannot show they are likely to suffer irreparable harm because no party has shown they have a protectable interest. The Courts in this district have previously held that neither Stephens nor Alexander have any interest in 875 Laurel. *See, e.g. Stephens v. Jensen-Carter*, Nos. 06-693 and 06-2327, 2007 WL 2885813, at *6 (D. Minn. Sept. 27, 2007) (Schiltz, J.) (noting that debtors have no interest in 875 Laurel), *aff'd, Stephens v. Hedback*, 321 Fed. App'x 536 (8th Cir. Apr. 21, 2009). Therefore, neither Stephens nor Alexander can claim 875 Laurel as their homestead. Andrew's interest, if any, is pecuniary. *In re Stephens, In re Alexander*, No. 04-3468, No. 98-34858, No. 98-33694 (Bankr. D. Minn. Jan. 4, 2006). The sale of 875 Laurel does not affect Andrew's claim (if any) to the proceeds of the sale. Thus, the movants cannot show they will suffer any irreparable harm. In contrast, the bankruptcy estates continue to suffer harm because of the inability to sell 875 Laurel. The Court will, therefore, deny the motion to stay the order of the Bankruptcy Court.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Larry Kenneth Alexander, Georgina Yvonne Stephens, and Andrew Will Alexander's Notice of Motion and Emergency Motion for Stay [12-1144, Docket No. 5 and 12-1145, Docket No. 3] is **DENIED**.

DATED: May 24, 2012  
at Minneapolis, Minnesota.

                                                    s/ John R. Tunheim  
                                                JOHN R. TUNHEIM  
                                             United States District Judge